UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF TEXAS

FILED

JAN 3 1 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ Lad
DEPUTY

| | X |
|---|---|
| Rene Michelle Taylor | X |
| Plaintiff | |
| | X |
| v | X  Civil Action No. 6:19-ca-467ADA |
| | X |
| Rose Nelson, et al | X |
| Defendants | X |
| | X |

## I Plaintiff Amended Complaint

Plaintiff Rene Michelle Taylor also known as Faridah Ansarah Muhammad was at all times relevant confined in TDCJ-ID facilities from 10·21·81 to present, including the Dr. Lane Murray Unit located at 1916 North Highway 36 Bypass, in the city of Gatesville, Coryell County, Texas zip code 76596, from July 27, 2017 to September 27, 2018. Plaintiff is currently confined on the William P. Hobby Unit, 742 FM 712, Marlin, Texas, zip code 76661-4685. Plaintiff has been incarcerated and Muslim for about 39 years. (time sheet enclosed)

Plaintiff Taylor is, and was at all times mentioned herein an adult citizen of the United States and a resident of the state of Texas.

At all times relevant to this case Plaintiff was and is a believing and sincerely practicing muslim female (muslimah). Making every effort to follow Islamic tenets including being covered hair and bosom, a pork-free diet, praying as

● required (including congregationally) fasting the month of Ramadan, paying Zakat. (photos sent seperately);

During Plaintiff's first 30 years of incarceration, there was no policy inhibiting Plaintiff from covering as her religious practice requires. Plaintiff was on the diet tray and her pork-free was easily accomodated. At Hilltop where Plaintiff was transferred, there was no scheduled Jummah, no pork-free accomodation, and a problem with hijab initally. Plaintiff used the grievance system then and now.

## II Defendants

● Plaintiff has no Defendants to add to the already named and served defendants. Religious diet accommodation is a chaplaincy issue jointly w/food service.

## III Jurisdiction and Venue

This Action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law of Free Exercise Burdens under 42 U.S.C. RLUIPA 2000, jointly with the First, Fourth, Eighth and Fourteenth Amendments to the U.S.C.A. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

● The cause of action arose in the Western District of Texas. Therefore, venue is proper under 28 U.S.C. Section 1391 (b).

## IV CLAIMS

1. Plaintiff complains current TDCJ Religious Policy for female muslim headcovering (hijab) prevents Plaintiff from exercising her sincerely held belief that hijab must cover head, hair, and bosom and always in the presence of any/all unrelated males. TDCJ Chaplaincy problematically relates muslim hijab and female jewish head scarf to a policy that substantially burdens Plaintiff in her religious practice, which is written in Holy Qur'an Surah 24:31.

2. Plaintiff complains her Free Exercise and Free Speech was harmed by the forcible removal of Plaintiff's hijab in public, specifically in the presence of male security and cameras by Defendant Nelson. Plaintiff contends this forcible removal also implicates Fourth, Eighth, and Fourteenth Amendment of U.S.C violations.

3. Plaintiff alleges no policy/practice accomodation in diet is available for her pork-free religious exercise. Plaintiff is offered meat-free (one tablespoon of peanut butter and jelly on whatever bread is served, i.e. cornbread etc). Six days a week and twice daily peanut butter is served. Once a week a slice of cheese is the option. There is no consideration given to similar nutritional value, variety or overall meal enjoyment, resulting in substantial burden to Plaintiff's Free Exercise

4) Plaintiff complains she was sent to see Chaplin Fattori after forced removal and return of her hijab. Fattori told Plaintiff the hijab she was wearing was non-compliant, and contraband. Plaintiff told Fattori she received hijab thru legitimate channels and it was the way she practiced her religion covering hair and bosom. Fattori had a video of a scarf tied around the head and knotted at the neck that left the v-neck of the uniform bare. Fattori called Rutledge who said Plaintiff could wear a t-shirt to cover her bosom. Fattori and Rutledge wanted Plaintiff to remove hijab then, forcing Plaintiff to be uncovered in Occupational Therapy and a mile walk to return to her dorm in front of male staff and cameras manned by males. Plaintiff had not in more than 35 years in TDCJ had to be publically uncovered. Fattori and Rutledge were united in wanting Plaintiff's free exercise violated cruel and unusually, causing pain, anguish and humiliation very substanially burdening Plaintiff's free exercise.

5) Plaintiff complains Fattori called her to Major Lozano's office several hours later. Fattori told Plaintiff she could uncover, there were no men and no windows. Fattori had Lozano

confiscate Plaintiff's hijab and property slip. Plaintiff asked Fattori to loan her the hijab she was holding so Plaintiff could have two hijabs to wear one while the other was laundered. Fattori was deliberately indifferent to Plaintiff's Free Exercise causing a substantial burden in Plaintiff's religious practice by not loaning Plaintiff hijab.

6) Plaintiff contends Fattori retaliated for Plaintiffs writing grievances, contacting Regional Chaplain, and writing outside resources by not laying Plaintiff in to attend Muslim holidays or congregational prayer; having Security Threat Group Sgt. Transue to strip search Plaintiff, search her living area and write Plaintiff disciplinaries that were overturned after Plaintiff served her punishment. Fattor withheld Plaintiff's hijab 90 days. Fattori infringed Fourth, Eighth and Fourteenth USCA.

7) Rutledge is a signature authority for chaplaincy policy and responsible for policy concerning hijab and religious diet and devotional items as well as promulgating policy regarding no search or removal of hijab by males or in male presence or viewing. Rutledge has been deliberately indifferent in total of his policy making, substantially burdening Plaintiff's religious exercise, as well as being negligent in his ministerial duties by no written

posted or pictoral guide for hijab as there is for religious beards in TDCJ-ID Rules and Regulations 2017.

8) Massey is the signature authority and responsible for policy and practice on Dr. Lane Murray Unit at the time. There was no written and posted policy or practice detailing hijab, search or removal relating to male staff. Massey made no attempt to resolve Plaintiff's Free Exercise saying that I stated I was going to file a lawsuit. Massey ignored her ministerial duties of safety and security for staff and offenders, exhibiting deliberate indifference and substantially burdening Plaintiff's free Exercise.

9) Plaintiff has no plain, adequate or complete remedy at Law to redress the wrongs described therein which are ongoing and continuous. Plaintiff has been and will be irreparably injured by the defendants unless the court grant the declaratory and injunctive relief which Plaintiff seeks.

## V Prayer for Relief

Wherefore, Plaintiff respectfully prays that this court enter judgement:

10) Granting Plaintiff Taylor a declaration that the acts and omissions described violate her rights under the constitution and laws of the United States; and allow religious devotional hijab that meets religious practice guidelines,

11) A preliminary and permanent injunction ordering Defendants to be covered in public and in the presence of males,

12) Plaintiff seeks punitive damages against each Defendant

13) Plaintiff seeks any relief this court deems just, proper and equitable

14) Plaintiff Jury trial on all issues triable by jury,

15) Plaintiff seeks recovery of her cost in this suit.

Dated January 27, 2020

Respectfully submitted

Rene Taylor
TDCJ-ID #321209
Hobby Unit
742 FM 712
Marlin, TX 76661

## Verification

I have read the foregoing complaint and hereby verify that the matters therein are true, except as to matters alledged on Information and belief, and, to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct Executed at Marlin, Texas on January 27, 2020

Rene Michelle Taylor
Rene Michelle Taylor

## Certificate of Service

I, Rene Taylor, to certify that a copy of Plaintiff's Amended Complaint was mailed via U.S.P.S on January 27, 2020 to

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
800 Franklin Avenue, Room 380
Waco, TX 76701

Rene Taylor
Hobby Unit
742 FM 712
Marlin, TX 76661-4685

RECEIVED

JAN 31 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

January 27, 2020

Clerk, U.S District Court
Western District of Texas
United States Courthouse
800 Franklin Ave, Rm 380
Waco, TX 76701

re: 6:19-cg-000467ADA

Dear Clerk

Please bring this amended complaint to the attention
of the court, with time sheet and 3 photos seperate.

Respectfully,

Rene Taylor

326929 Rene Taylor
Hobby Unit
742 FM712
Marlin, TX 76661-4685

Clerk, US District Court
Western District of Texas
United States Courthouse
800 Franklin Avenue, Rm 380
Waco, TX 76701